United States District Court
District of South Carolina

| | |
|---|---|
| Delton Stevens #86452-071; ) | C/A No. 6:05-1992-GRA-WMC |
| ) | |
| Petitioner; ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| Mathew Humidullah, Warden, Estill Federal ) Correctional Institution (FCI-Estill); ) | |
| ) | |
| Respondent. ) | |
| ) | |

The Petitioner, Delton Stevens (hereafter, the Petitioner), is a federal prisoner proceeding *pro se*. He is now confined at the Estill Federal Correctional Institution, in Estill, South Carolina.   Petitioner seeks relief under Title 28 United States Code section 2241. The matter was referred to the undersigned pursuant to the provisions of  28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C.

A careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996.  The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979)

Since the Petitioner is a *pro se* litigant, his pleadings are accorded liberal construction.  *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam); *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291

1

(4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978).  Nevertheless, even under this less stringent standard, *pro se* petitions are still subject to summary dismissal if they fail to meet the requirements for proceeding in this Court.

## DISCUSSION

Together with seven (7) co-defendants, petitioner was convicted upon jury trial in this Court in 1991 on multiple crack cocaine charges.  *See United States v. Stevens, et al.*, 7:90-0310-GRA (D.S.C. 1990), *aff'd* 976 F. 2d 728 (4th Cir. 1992).  Thereafter, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255 which was ultimately denied in October, 1998.  *See United States v. Stevens*, 6:94-3380-GRA-WMC (D.S.C. 1994), *aff'd* 188 F. 3d 505 (4th Cir. 1999).[1]

Petitioner advances a single ground for *habeas corpus* relief under 28 U.S.C. § 2241: he contends that his sentence was improperly enhanced under the United States Sentencing Guidelines (USSG) invoking *U.S. v. Booker*, 125 S. Ct. 738 (2005).  Since the passage of § 2255, resort to § 2241 has been allowed only in limited situations such as actions challenging the administration of parole, *Doganiere v. United States*, 914 F.2d 165, 169-170 (9th Cir. 1990); computation of good time or jail time credits, *McClain v. United States Bureau of Prisons*, 9 F.3d 503, 504-05 (6th Cir. 1993); prison disciplinary actions, *United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); or imprisonment allegedly beyond the expiration of a sentence, *Atehortua v. Kindt*, 951 F.2d 126, 129-130 (7th Cir. 1991).

---

[1] – Stevens made two intervening appeals in his § 2255 proceeding.  *See United States v. Stevens*, 67 F. 3d 928 (4th Cir. 1995); *United States v. Stevens*, 129 F. 3d 1261 (4th Cir. 1997).  As noted above, his § 2255 motion to vacate was ultimately denied and the denial affirmed.

Petitioner's attack upon his sentence is precisely the type of claim contemplated by 28 U.S.C. § 2255. Rather than applying under 28 U.S.C. § 2241, he should seek pre-filing authorization (PFA) from the United States Court of Appeals for the Fourth Circuit to proceed with a second and successive petition under 28 U.S.C. § 2255.

## **RECOMMENDATION**

Based on the foregoing, it is recommended that the Petition herein be dismissed without prejudice and without issuance of service of process. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have a duty to screen *habeas corpus* petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). The Petitioner's attention is directed to the notice on the next page.

_____
WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

August 16, 2005

Greenville, South Carolina

3

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
& The Serious Consequences of a Failure to Do So**

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See Mathews v. Weber*, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See Keeler v. Pea*, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir.); and *Wright v. Collins*, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also Praylow v. Martin*, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court). In *Howard*, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * *  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord Lockert v. Faulkner*, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and *Goney v. Clark*, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** *See Wright v. Collins*, *supra*; and *Small v. Secretary of HHS*, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**
